Sidney Weisner and Bessie Klatsky v. Commissioner.
Weisner v. Commissioner
Docket Nos. 80694, 80695.
United States Tax Court
T.C. Memo 1961-234; 1961 Tax Ct. Memo LEXIS 116; 20 T.C.M. (CCH) 1150; T.C.M. (RIA) 61234; August 18, 1961
*116 Each of petitioners, in 1949, acquired from the original holder a one-half interest in a mortgage bond for a consideration of less than the face value of the bond. The mortgage was due on February 15, 1954. It was known prior to the due date that the debtor corporation did not have sufficient funds to satisfy the mortgage at maturity. A short time before the due date of the mortgage, petitioners were approached by a group of 12 individuals and one corporation looking to procuring an assignment of the bond to them. Most of the group either owned stock of the corporation or were related to stockholders. Neither petitioner was related to any of the members of the group soliciting the assignment. Neither petitioner requested or suggested the assignment. The group was represented in the transaction by George Popkin, an attorney, who was a member of the group. He was also president and attorney for the debtor corporation. The assignment was executed on the due date of the mortgage and petitioners, together, received therefor the full principal balance due on the mortgage. All interest had been fully paid and was never in default during the period in which petitioners owned the mortgage. *117 The debtor corporation satisfied the mortgage in the hands of the group by payment to them in full on October 14, 1954. Held: That the assignment by petitioners of their respective interests in the mortgage bond in question to the group on February 15, 1954, was a bona fide sale and not a retirement and that petitioners' gain is taxable as long-term capital gain and not as ordinary income. Michael Kaminsky, Esq. *118 , 122 E. 42nd St., New York, N. Y., for the petitioners. Joseph Wilkes, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in income tax of the petitioners for the year 1954 in the amounts of $10,953 against Sidney Weisner, together with an addition to tax of $921.98 for substantial underestimation of estimated tax, and $10,158.34 against Bessie Klatsky. The only issue requiring our consideration is whether the assignment by petitioners of their interests in the mortgage bond in question to a group was a sale resulting in gain to be taxable as long-term capital gain or a retirement resulting in gain taxable as ordinary income. Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. The petitioners are brother and sister. In the year 1954, petitioner Weisner resided at 140 E. 56th Street, New York 22, New York, and petitioner Klatsky resided at 165 W. 91st Street, New York 24, New York. Each petitioner filed an income tax return for the year 1954 with the director of internal revenue for the Upper Manhattan District of New York. About February 18, 1949, each *119 petitioner acquired a one-half interest in a bond in the amount of $225,000 executed by 30 Fifth Avenue, Inc., hereinafter referred to as the corporation or debtor corporation, which was secured by a mortgage covering the premises owned by the debtor corporation. The bond and mortgage had been acquired by assignment from the original holder, Interstate Holding Corp., at a cost to petitioners of $169,000. The mortgage was subordinate to a prior mortgage of $1,010,000, which was held by the Greenwich Savings Bank. The mortgage was due on February 15, 1954. The debtor corporation did not have sufficient funds of its own to satisfy the mortgage on the due date. At the request of George Popkin, an attorney, which request was made shortly before the due date of the mortgage, the petitioners executed jn assignment of the mortgage to a group of 12 individuals and one corporation, hereinafter sometimes referred to as the group. Popkin was one of the group. He was also president of, and attorney for, the debtor corporation. The assignment was executed on the due date at which time the petitioners received from the group the then outstanding principal amount due on the mortgage of $160,000, *120 together with interest then due. The adjusted basis of the mortgage in the hands of the petitioners on the due date thereof was $104,000. The petitioners received $56,000 in excess over their adjusted basis which was divided evenly between them. The morggage, by its terms, required monthly payments in the amount of $1,875 to be applied first to interest and the remainder to principal. The monthly payments were never in default during the period the petitioners held the mortgage. The group in whose favor the assignment was executed consisted of the following: George Popkin, Fifth Avenue Realty Corp. * Abe Turetsky, Gus G. Fisher * , Selma B. Omanoff, Harry H. Fisher * , Mildred Fisher * , Lillian Fisher, Morton M. Fisher, Mollie Fisher, William Feldman, Ethel S. Feldman, Irving Kanter * , Sam Kanter * , Anne Popkin The debtor corporation satisfied the mortgage in the hands of the afore-mentioned group by payment in full on October 14, 1954. Neither petitioner was related to or had any business connection with any of the individuals or the corporation to whom they assigned the bond and mortgage. Most of the individuals of *121 the group either owned stock or were related to stockholders of the debtor corporation. The assignment of the bond and mortgage to the group of assignees was not suggested or requested by either petitioner. The mortgagor was unable on the due date, February 15, 1954, to satisfy the mortgage. It was also unable to obtain funds from a bank or from other lending institutions. The assignees were advised by the debtor corporation's accountant not to lend money to the corporation to enable it to satisfy its obligations to the petitioners in order to avoid the additional expense to the corporation of a mortgage tax on the issuance of a new mortgage and to avoid the possibility of having such loan construed for income tax purposes as a contribution to capital rather than as a loan. The assignment of February 15, 1954, was a bona fide sale of a capital asset by petitioners to the group. With respect to the issue under consideration, the deficiency as to each petitioner was based upon a determination that the assignment of the mortgage on its due date, February 15, 1954, was a redemption and that each petitioner realized ordinary income upon payment of the balance of the mortgage note. *122 Opinion Upon the facts set forth in our findings, we think it clear that the assignment of February 15, 1954, was a bona fide sale of a capital asset held for more than six months and that the gain realized is entitled to capital gains treatment. See sections 1221 and 1222(3) of the Code of 1954. Section 1232 is not applicable to the instant case. We may add that it was stated by respondent's counsel at the trial, and quite properly, we think, that respondent does not contest the bona fides of the assignment of February 15, 1954. For a further statement of the applicable principles, reference is made to , at pp. 629, et seq., which case we think is here controlling. Respondent emphasizes the fact that the assignment took place on the due date of the mortgage and reasons from this that it amounted to a retirement. The record is clear, however, that the debtor corporation was unable to retire the bond on that date, and that the sale to the group was not a sale to the corporation. Moreover, the sale to the group was unsolicited by petitioners and the transaction was admittedly in good faith. The affirmative (and uncontradicted) *123 evidence establishes a sale and negatives a retirement. Under the circumstances, cases relied upon by respondent such as ; (C.A. 2, 1939); and (C.A. 7, 1951) are not in point. Respondent also cites cases such as and (Ct. Cls., 1958), but these cases involved transfers and assignments of future income, a factor not here involved. Admittedly, Congress could have taxed longterm capital gains at ordinary income rates if it had so desired, but it did not choose to do so. The fact that the gain in the instant case would have been taxed at ordinary income rates if the debtor corporation had fulfilled its obligation and had retired the bond is immaterial because the corporation did not and could not satisfy its obligation when due and the assignment transaction was admittedly bona fide. and likewise *124 involved realization of income and anticipatory assignment of income. , involved taxation of income of a trust to a grantor who controlled the trust. It seems obvious that none of these three cases is applicable to the facts in the instant case. The same may be said of (C.A. 6, 1954) which dealt with a sale of defaulted notes for a sum in excess of face value - in effect an anticipatory assignment of income. Finally, for the first time on brief respondent takes an alternative position to the effect that section 275 [1] of the New York Real Property Law provides that a mortgagor may request an assignment of the mortgage to a named assignee on its due date provided the assignee pays the outstanding balance. He argues further that such an assignment could be compelled under section 333(b) of the same law. He draws the conclusion therefrom that the payment by the assignee in the instant case was a payment by or on behalf of the debtor. *125 We think that on the record in the instant case there are wide gaps between respondent's premises and his conclusions. In addition, he has misconstrued paragraph 4 of the Stipulation of Facts and has misinterpreted the application of section 275, supra, to the facts presented to us. We see no occasion, however, to enter into the elaborate discussion which would be necessary if we were to dispose of such alternative proposal on the merits because we do not think it is properly before us. See Rule 14(b) of this Court which provides in part as follows: (b) Form of answer. - The answer shall be drawn so that it will advise the petitioner and the Court fully of the nature of the defense. It shall contain * * * a statement of any facts upon which the Commissioner relies for defense or for affirmative relief * * *. See (C.A. 6, 1947), affirming a Memorandum Opinion of this Court. As indicated in the early part of our Opinion, we hold that the gain in issue is to receive capital gains treatment. The addition to tax for substantial underestimation of estimated tax with respect to Weisner (if there is any after our holding on the *126 basic issue) will be determined under Rule 50. Decision will be entered under Rule 50 with respect to petitioner Sidney Weisner, Docket No. 80694. Decision will be entered for the petitioner Bessie Klatsky, Docket No. 80695. Footnotes
*. Denotes stockholders of debtor corporation.↩
1. § 275. REAL PROPERTY LAW Assignment of mortgage required in lieu of certificate of discharge Whenever a mortgage upon real property shall be due and payable the mortgagee or the owner and holder of the mortgage shall execute and deliver to any person or persons, or corporation, named by the owner of the land upon which the same is a lien, an assignment of the mortgage duly executed which may by its terms be without recourse to the assignor in any event and discharge such assignor from any liability thereunder to the assignee; provided a demand has been made of the holder of the mortgage by the owner of the land upon which the same is a lien for such assignment in lieu of a certificate of discharge of the same, and the full amount of principal and interest due on the mortgage is tendered or paid, and an assignment of the mortgage, which by its terms shall be without recourse to the assignor in any event and shall discharge said assignor from any liability thereunder to the assignee, be presented to the holder of said mortgage or his duly authorized representative, at the time of the making of such demand, together with the fees allowed by law for taking the acknowledgment of a deed. Upon such demand the holder of such mortgage must execute and acknowledge before a proper officer in like manner to require a conveyance to be recorded, such assignment and thereupon deliver the same and the mortgage to the person making such tender of payment or having made such payment as aforesaid. But nothing in this section contained shall require such execution and delivery of an assignment of the mortgage in lieu of a certificate of discharge where the owner and holder of the mortgage so due and payable also holds or has a junior or subsequent mortgage or other lien on the same property or in the case of any mortgage legal for investment and held by the state comptroller as trustee of any of the funds of the New York state employees' retirement system, or in the case of any mortgage which the federal housing administrator has insured or has made a commitment to insure under the national housing act. As amended L. 1947, c. 751, eff. April 9, 1947.↩